FILED
CLERK
9/25/2019 4:49 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHRISTOPHER TEINER *on behalf of herself and all others similarly situated*,

                Plaintiff,

    -against-

PORTFOLIO RECOVERY ASSOCIATES,
LLC et al,

                Defendants.
-------------------------------------------------------X

**ORDER**
19-CV-1281 (JMA) (GRB)

**AZRACK, United States District Judge:**

    On November 7, 2018, plaintiff initiated a civil action against defendant in the Supreme Court of the State of New York, County of Suffolk by filing a Summons with Notice. Defendant Portfolio Recovery Associates contends its registered agent was personally served on February 4, 2019. (ECF No. 1.) On March 5, 2019 defendant Portfolio Recovery Associates, LLC removed the action to Federal Court with consent of defendant PRA Group, Inc. (Id.) A complaint was never filed in Federal Court.

    On July 30, 2019, this Court issued a Status Report Order, directing plaintiff to file a status report by August 12, 2019. Nothing was filed. On August 27, 2019, this Court issued a second Status Report Order, directing plaintiff to file a status report by September 6, 2019. Plaintiff was warned that failure to respond to the Court may result in dismissal of the case for failure to prosecute. It appears that counsel for plaintiff has received each and every Notice of Electronic Filing on this case.

    To date, plaintiff has not responded to the Status Report Orders or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

This case was removed in March 2019 and to date, Plaintiff has failed to file a complaint, and failed to respond to this Court's Orders. The Court warned plaintiff that failure to respond could result in the dismissal of the case. Plaintiff's failure to comply with this Court's Orders or otherwise communicate with the Court constitutes grounds for dismissal. Accordingly, this case is dismissed for failure to prosecute, and the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: September 25, 2019
Central Islip, New York

                                                   /s/ JMA
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE